NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS, SBN 197904
marisa.poulos@balboacapital.com
**BALBOA CAPITAL**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>BLUEWATER YACHTING SOLUTIONS, INC., a Florida corporation,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Bluewater Yachting Solutions, Inc. ("Bluewater") is, and at all times relevant to this action was, a Florida corporation, incorporated in Florida, with its principal place of business in the County of Sarasota, State of Florida.

3. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed that document would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General.** This Agreement **will be governed and construed under the laws of the State California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

5. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

6. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Bluewater is a citizen of the State of Florida. As such,

Bluewater is not a citizen of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendant. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

7. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

8. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

# FIRST CAUSE OF ACTION
## (Breach of Equipment Financing Agreement)
## (Against Bluewater)

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to May 2023, Balboa is informed and believes that Bluewater initiated and engaged with Scarlett, Inc., located at 4355 Airwest Dr SE Kentwood, MI 49512 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Bluewater in the selection of the Collateral and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Bluewater's electronic credit application to Balboa and other financial institutions. Upon review, Bluewater concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Bluewater to finance Collateral being supplied by the Equipment Vendor.

COMPLAINT

12. On or about May 5, 2023, Bluewater executed a certain written Equipment Financing Agreement No. 451014-000 (the "EFA"), under the terms of which Balboa loaned to Bluewater the sum of One Hundred Eighty-Nine Thousand Eight Hundred Two Dollars and Sixteen Cents ($189,802.16) to finance the Collateral for its business. The EFA required Bluewater to make forty-eight (48) monthly payments of $4,655.63, payable on the 9th day of each month beginning May 9, 2023. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for April 9, 2025. Therefore, on or about May 9, 2025, Bluewater breached the EFA by failing to make the monthly payment due on that date. Bluewater's failure to make timely payments is a default under the terms of the EFA.

14. In accordance with the EFA, and as a proximate result of Bluewater's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $111,735.12. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Bluewater.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Bluewater.

16. As a proximate result of Bluewater's breach of the EFA, Balboa has been damaged in the sum of **$111,735.12**, plus prejudgment interest from May 9, 2025, until the entry of judgment herein.

17. Further, under the terms of the EFA, Bluewater promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Bluewater.

18. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

**On the First Cause of Action:**

1. The sum of $111,735.12;

2. Prejudgment interest from May 9, 2025 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: June 30, 2025                     SALISIAN | LEE LLP

By: _____
Jared T. Densen
Patty W. Chen
Neal S. Salisian

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL